

1   Paul R. Fine, State Bar No. 053514
2   Maureen M. Michail, State Bar No. 185097
    DANIELS, FINE, ISRAEL,
3   SCHONBUCH & LEBOVITS, LLP
    1801 CENTURY PARK EAST, NINTH FLOOR
    LOS ANGELES, CALIFORNIA 90067
4   TELEPHONE (310) 556-7900
    FACSIMILE (310) 556-2807
    MICHAIL@DFIS-LAW.COM

5   Attorneys For Defendant USAA
6   CASAUALTY INSURANCE
    COMPANY
7

8                 UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA
                          CV   08        0302
10

11  PETER A. RICHARDSON, an            Case No.
    individual,                        [Complaint Filed: December 17, 2007]
12                                      [Mendocino Superior Court Case No.
13           Plaintiff,                 SCUK CVG '0750580]

14  vs.
15                                      NOTICE OF REMOVAL OF ACTION;
    USAA CASUALTY INSURANCE            DEMAND FOR JURY TRIAL
16  COMPANY, an insurance company form
17  of business unknown, and DOES 1-5,  [28 U.S.C. § 1441(b)]

18          Defendants.
19

20

21          PLEASE TAKE NOTICE THAT defendant USAA Casualty Insurance

22  Company, a Texas Corporation, ("USAA") hereby removes to this honorable Court,

23  based upon diversity jurisdiction, the state action described below:

24          1.    On December 17, 2007, plaintiff Peter A. Richardson

25  ("plaintiff") commenced an action in the Superior Court of the State of California

26  for the County of Mendocino entitled *Richardson v. USAA Casualty Insurance*

27

28                                      1

    NOTICE OF REMOVAL OF ACTION; DEMAND FOR JURY TRIAL

1    *Company*, Case No. SCUK CVG 0750580. A true and correct copy of plaintiff's
2    complaint is attached hereto as Exhibit "A."

3        2.    The first date upon which USAA was served with plaintiff's
4    complaint was December 20, 2007, when plaintiff personally served the complaint
5    and a summons from the State Court to USAA. A copy of the summons is attached
6    hereto as Exhibit "B."

7        3.    On January 4, 2008, USAA filed its Answer to Plaintiff's
8    Unverified Complaint in the Superior Court of the State of California, County of
9    Mendocino. A true and correct copy of USAA's answer is attached hereto as
10    Exhibit "C."

11        4.    No further proceedings have been conducted in this matter in the
12    Superior Court of the State of California, County of Mendocino.

13        5.    This action is a civil action over which this Court has original
14    jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil case between citizens of
15    different states and the matter in controversy exceeds the sum or value of $75,000,
16    exclusive of interest and costs. Therefore, pursuant to the provisions of 28 U.S.C. §
17    1441(b), USAA may remove this action to this Court.

18        6.    Plaintiff was at all times relevant to this action and still is a
19    citizen of the State of California. USAA was at all times relevant to this action and
20    still is a citizen of the State of Texas, in that it is incorporated and has its principal
21    place of business in Texas.

22        7.    The only other defendants are DOE defendants. These
23    defendants are entirely fictitious and sham parties against whom no relief is, nor
24    could be, sought in this action. Pursuant to 28 U.S.C. § 1441(a), this Court should
25    disregard the citizenship of any defendants sued under such fictitious name.
26    Accordingly, it is not necessary that any party join in this Notice of Removal of
27    Action. The citizenship of the DOE defendants should be disregarded for purposes

28        - 2 -

NOTICE OF REMOVAL OF ACTION; DEMAND FOR JURY TRIAL

1  of determining jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a) on the

2  ground that there is no potential that plaintiff will establish liability against said

3  parties since the subject insurance contract is solely between plaintiff on the one

4  hand and USAA on the other hand.

5          8.      This is an insurance dispute in which plaintiff alleges breach of

6  insurance contract and breach of the implied covenant of good faith and fair dealing.

7  Plaintiff alleges, in pertinent part in his complaint, that USAA has failed and refused

8  to pay his personal property claim which he alleges resulted from a burglary at his

9  residence located at 311 Sanel Drive, Ukiah, California in July 2007 during which

10  two propane generators and 290 bottles of vintage wine allegedly valued at over

11  $130,000 were stolen. Plaintiff seeks compensatory and punitive damages as well

12  as damages for attorneys fees. Given the contractual and extra-contractual damages

13  sought by plaintiff, the amount in controversy, exclusive of interest and costs,

14  exceeds the sum of $75,000.

15          9.      This Notice is filed with the Court within 30 days after USAA

16  received the Summons and Complaint in the above-entitled action. Therefore, this

17  removal is timely as required by 28 U.S.C. § 1446(b).

18          10.     Pursuant to 28 U.S.C. § 1446(a), plaintiff's complaint is attached

19  hereto as Exhibit "A." Plaintiff's summons is attached hereto as Exhibit "B."

20  USAA's answer to plaintiff's complaint, filed in State Court, is attached hereto as

21  Exhibit "C." No other pleadings or orders were served by or upon USAA in the

22  State Court action.

23  ///

24  ///

25  ///

26  ///

27  ///

28                                             - 3 -

1

## **DEMAND FOR JURY TRIAL**

2     Defendant USAA Casualty Insurance Company hereby demands trial

3   by jury in this action.

4

5

6   Date:  January 9, 2008                    DANIELS, FINE, ISRAEL,
7                                         SCHONBUCH & LEBOVITS, LLP
8
                                         By:_____
9                                              Maureen M. Michail
10                                       Attorneys For Defendant USAA CASAUALTY
11                                           INSURANCE COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

1 | JEFFREY F. RYAN, ESQ. SBN 129079
RYAN & STEINER
2 | An Association of Attorneys
3 | 455 North Whisman Road, Suite 200
Mountain View, CA 94043-5721
4 | Telephone:  (650) 691-1430
Facsimile:  (650) 968-2685
5 |
Attorneys for PETER RICHARDSON
6 |

ENDORSED-FILED

DEC 1 7 2007

CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA
C. Reeentiz

7

8                        SUPERIOR COURT OF CALIFORNIA

9                              MENDOCINO COUNTY

10                                                Case No. **SCUK** *CVG* '07 50 5 8 0

11 | PETER A. RICHARDSON,
an Individual                              Complaint For:
12
Plaintiff,                        1. Declaratory Relief
13     vs.                                        2. Breach of Contract
                                                  3. Bad Faith
14 | USAA    CASUALTY    INSURANCE
COMPANY, an insurance company form
15 | of business unknown, and DOES 1 – 5,        Demand for a Jury Trial

16              Defendants.

17

18          Plaintiff, as and for his complaint, alleges as follows:

19
                                    INTRODUCTION
20
        1.       Plaintiff Peter A. Richardson ("Richardson") is, and was at all relevant times, an
21
individual residing in the County of Mendocino, State of California.
22
        2.       Plaintiff is informed and believes that defendant USAA Casualty Insurance
23
Company, a corporation ("USAA"), is, and was at all relevant times, a corporation authorized
24
to engage in the business of insurance in the State of California, and doing business in the
25
County of Mendocino, State of California.
26
        3.       The true names and capacities of, and factual basis of liability for, the
27
defendants sued herein as "Does" are unknown to Richardson, but Richardson is informed
28
and believes that they are responsible in some manner for the acts, omissions and/or

                                        COMPLAINT

1 | occurrences alleged herein, and that Richardson's damages were proximately caused by
2 | such defendants.

3 |     4.    Richardson is informed and believes that at all times herein mentioned,
4 | defendants were the agents (actual or ostensible), employees, co-venturers, partner, alter
5 | egos, spouses, or in some manner agents or principals, or both, for each other, and were
6 | acting within the course and scope of their agency, employment, and/or relationship, and with
7 | the knowledge, permission and consent of all other defendants.

8 |     5.    The personal property, the theft of which is the subject of the coverage dispute
9 | between Richardson and USAA, was at all relevant times herein situated in Mendocino
10 | County, California.

11 |     6.    On or about January of 2007, USAA provided comprehensive homeowner's
12 | insurance (policy # 00141 85 43) to Richardson. The policy specifically provided replacement
13 | cost coverage for Richardson's home and personal property located at 311 Sanel Drive,
14 | Ukiah, California.

15 |     7.    In or about July of 2007, the covered property was burglarized. Two propane
16 | generators were stolen, along with some 290 bottles of vintage wine. Richardson filed a
17 | claim with USAA for the loss on July 12, 2007.

18 |     8.    On or about August of 2007, USAA acknowledged the loss and reimbursed
19 | Richardson for the generators.

20 |     9.    On or about September 2007, USAA acknowledged a range of $102,000 to
21 | $132,000 for the value of the stolen wine, but refused to pay, citing the need to do additional
22 | investigation.

23 |     10.   Four months have passed since Richardson tendered his claim to USAA and
24 | USAA continues to refuse payment for the wine despite Richardson full and complete
25 | cooperation with USAA and its agents. Richardson has provided ample objective evidence of
26 | ownership of the missing wine bottles, has provided a copy of the policy report to USAA's
27 | investigator, and he has participated openly and honestly with that investigation during his
28 | interrogation. .

COMPLAINT

1                               <u>CAUSES OF ACTION</u>

2                              <u>FIRST CAUSE OF ACTION</u>

3                   (Declaratory Relief Against USAA and Does 1 – 5)

4        11.   Richardson hereby refers to and incorporates by reference herein, the same as

5   though fully set forth, paragraphs 1 through 10 of this complaint.

6        12.   A dispute has arisen and an actual controversy exists between Richardson and

7   USAA concerning their respective rights and duties under the USAA policy.

8        13.   Richardson contends that the USAA policy provides replacement cost coverage

9   without exceptions for the specific property stolen, and requires USAA to reimburse

10  Richardson for his damages suffered by the loss.

11       14.   USAA denies Richardson's damages are covered by the USAA policy and/or

12  contends that there are exceptions and/or exclusions to coverage.

13       15.   Richardson desires a judicial determination pursuant to California Code of Civil

14  Procedure  section 1060 of the rights and duties of the parties regarding the insurance

15  coverage provided under the USAA policy.

16       Wherefore, Richardson prays for judgment against defendants, and each of them, as

17  hereinafter set forth.

18                             <u>SECOND CAUSE OF ACTION</u>

19                   (Breach Of Contract Against USAA And Does 1 - 5)

20       16.   Richardson hereby refers to and incorporates by reference herein, the same as

21  though fully set forth, paragraphs 1 through 15 above.

22       17.   Richardson has performed all conditions, covenants and promises required of

23  him to be performed under the USAA policy.

24       18.   USAA has failed to promptly investigate Richardson's claim.

25       19,   USAA has failed to adequately investigate Richardson's claim.

26       20.   USAA has failed to try to find coverage as required under the California

27  Insurance Commissioner's regulations.

28

                                        COMPLAINT

Case No.                                                                   Page 3

1    21.    USAA has failed to fully pay Richardson's claim when coverage is clear even
2  though the claim was made four months ago.

3    22.    By engaging in the acts described above, more specifically denying coverage to
4  Richardson under the policy for the theft of his property, particularly his vintage wine,
5  defendants and each of them breached the policy of insurance.

6    23.    As a direct and proximate result of defendant's breach, Richardson has suffered
7  damages in an amount to be proven at trial, but in excess of $150,000.

8                        **THIRD CAUSE OF ACTION:**

9                    **(Bad Faith Against USAA and Does 1 - 5)**

10    24.    Richardson hereby refers to and incorporates by reference herein, the same as
11  though fully set forth, paragraphs 1 through 19 above.

12    25.    The USAA policy contained an implied obligation of good faith and fair dealing
13  that neither the insurer nor the insured would do anything to injure the right of the other party
14  to receive the benefits of the agreement. USAA had that obligation to Richardson.

15    26.    USAA breached its obligation of good faith and fair dealing which it owed to
16  Richardson by failing to properly investigate the claims, by unreasonably denying coverage
17  and refusing to honor its contractual obligations in bad faith, and by unreasonable delay.

18    27.    As a direct and proximate result of Defendant's tortuous breach of the covenant
19  of good faith and fair dealing, Richardson has suffered damages in an amount to be proven
20  at trial, and continues to suffer damages, including attorneys' fees incurred in obtaining
21  coverage.

22    28.    Defendant's tortuous breach of the covenant of good faith and fair dealing was
23  committed with oppression, fraud or malice as defined in California Civil Code Section 3294,
24  such that an award of exemplary or punitive damages should be made in an amount
25  sufficient to deter and make an example out of Defendants and punish them for their bad
26  faith.

27

28

―――――――――――――――――――――――――――――――
                          COMPLAINT
Case No.                                                              Page 4

1                          **PRAYER FOR RELIEF**

2       WHEREFORE, Plaintiff prays for the following relief:

3       The First Cause of Action:

4      1.    For a judgment declaring that the USAA policy provided coverage to

5 Richardson for vintage wine stolen in July of 2007, and that USAA is obligated to pay

6 Richardson for the replacement cost of said wine;

7       The Second Cause of Action:

8      2.    For general and special damages in excess of $150,000 in an amount

9 according to proof;

10      The Third Cause of Action:

11      3.    For general and special damages in excess of $150,000 in an amount

12 according to proof including attorneys' fees in obtaining coverage;

13      4.    For punitive damages in an amount sufficient to deter and make an example of

14 defendants and punish them for their wrongdoing;

15      For All Causes of Action:

16      5.    For costs of suit;

17      6.    For allowable prejudgment and post judgment interest;

18      7.    For such other and further relief as the Court may deem proper.

19                       **DEMAND FOR JURY TRIAL**

20       Plaintiff Peter A. Richardson hereby demands trial by jury as to any claims for which

21 trial by jury may be had.

22                        Respectfully submitted,

23                        RYAN & STEINER, An Association of Attorneys

24

25 Dated: November 8, 2007      BY:

26                           JEFFREM F. RYAN,
                            Attorneys for Plaintiff, Peter A. Richardson

27

28

                             COMPLAINT

Case No.                                        Page 5

# SUMMONS
## (CITACION JUDICIAL)
SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
USAA CASUALTY INSURANCE COMPANY, an insurance company
form of business unknown, and DOES 1 - 5



**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED-FILED**

DEC 1 7 2007

CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA

C. Recendiz

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
PETER A. RICHARDSON, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*(Spanish text paragraph)*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF MENDOCINO
Perkins & State Streets
Ukiah, CA 95482

CASE NUMBER: 07 50 580

Ukiah Branch-Civil
The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
JEFFREY F. RYAN, BAR NO. 129079        650-691-1430    650-968-2685
RYAN & STEINER
455 North Whisman Road, Suite 200   BENJAMIN D. STOUGH
Mountain View, CA 94043-5721        Clerk, by   C. Recendiz          , Deputy
DATE **DEC 1 7 2007**

NOTICE TO THE PERSON SERVED: You are served

BUSINESS ORGANIZATION FORM UNKNOWN

F:\MMM\PLDG\1693-333.atc.doc

1  DANIELS, FINE, ISRAEL,
   SCHONBUCH & LEBOVITS, LLP
2  1801 CENTURY PARK EAST, NINTH FLOOR
   LOS ANGELES, CALIFORNIA 90067
   TELEPHONE (310) 556-7900
   FACSIMILE (310) 556-2807
3  Paul R. Fine, State Bar No. 053514
   Maureen M. Michail, State Bar No. 185097
4
5  Attorneys For Defendant USAA CASUALTY
   INSURANCE COMPANY
6
7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                     FOR THE COUNTY OF MENDOCINO
10

11  | PETER A. RICHARDSON, an individual, | Case No. SCUK CVG 07 50 580 |
    | | [Complaint Filed: December 17, 2007] |

12              Plaintiff,

13  vs.                                   ANSWER TO PLAINTIFF'S UNVERIFIED
                                          COMPLAINT; DEMAND FOR JURY TRIAL
14
    USAA CASUALTY INSURANCE
15  COMPANY, an insurnace company form of
    business unknown; and DOES 1-5,
16
17              Defendants.

18

19          COMES NOW Defendant, USAA Casualty Insurance Company (hereinafter

20  "USAA" or "Defendant"), for itself alone, and answers the unverified Complaint of plaintiff, Peter

21  A. Richardson, herein as follows:

22          1.    Pursuant to the provisions of section 431.30(d) of the Code of Civil Procedure

23  of the State of California, Defendant denies generally and specifically each and every, all and

24  singular, the allegations contained in said complaint, and each and every cause of action therein

25  set forth, and specifically denies that plaintiff has been injured and/or damaged in the amounts

26  therein alleged or in any other amount or amounts or at all, by an act or omission on the part of

27  this answering Defendant.

28                                         1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-9900
FACSIMILE (310) 556-2807

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Facts)

2.    The Complaint, and each and every cause of action set forth therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Good Faith)

3.    At all times material herein, Defendant acted reasonably and in good faith toward plaintiff based upon all relevant facts known to it at the time, and fully performed all terms, conditions, covenants, and promises to be performed pursuant to the alleged insurance policy referred to in Plaintiff's Complaint and any cause of action asserted therein, except where such performance was excused, discharged or prevented by plaintiff.

## THIRD AFFIRMATIVE DEFENSE

### (No Punitive Damages)

4.    The Complaint, and each and every cause of action set forth therein, which seeks an award of punitive or exemplary damages fails to allege facts sufficient to justify an award of such damages against Defendant, and is in violation of the California Constitution, as well as the United States Constitution, as applied to the States through the Fourteenth Amendment.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

5.    Plaintiff is barred from seeking any relief asserted in his Complaint by the doctrines of waiver and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6.    Plaintiff is barred from seeking any equitable relief by reason of his unclean hands.

///

///

- 2 -

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT; DEMAND FOR JURY TRIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

7.    Plaintiff's entire Complaint as well as each cause of action therein is barred by the statute of limitations provided for by the Code of Civil Procedure Sections 337, 338, 339, 340, and 343.

## SEVENTH AFFIRMATIVE DEFENSE

### (Contractual Suit Limitation of Policy)

8.    Plaintiff's Complaint as well as each and every cause of action therein is barred by the "suit against us" provision of the subject USAA insurance policy at issue in Plaintiff's Complaint herein.

## EIGHTH AFFIRMATIVE DEFENSE

### (Plaintiff's Failure to Perform Under the Policy)

9.    The insurance policy referred to in Plaintiff's Complaint herein was breached by plaintiff in that she failed to fully perform all terms, conditions, covenants and promises to be performed on his part, particularly his duty to cooperate with USAA, thereby excusing Defendant's performance.

## NINTH AFFIRMATIVE DEFENSE

### (Plaintiff's Comparative Fault)

10.    Defendant alleges that plaintiff acted unreasonably and that, although defendant denies that Plaintiff is entitled to any recovery, in the event that recovery is granted, said recovery must be reduced in proportion to the comparative fault of plaintiff. At all times material herein, plaintiff failed to act reasonably and in good faith based upon relevant material facts known by him at the time and plaintiff thereby breached the implied covenant of good faith and fair dealing.

///

///

///

- 3 -

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT; DEMAND FOR JURY TRIAL

1

## TENTH AFFIRMATIVE DEFENSE

2

### (Comparative Fault of Others)

3      11.   Defendant is informed and believes and thereon alleges that Plaintiff's

4  damages, if any, are due in whole or in part to the proximate contributory and comparative fault

5  and negligence of others, and that any liability of Defendant, which liability is specifically denied,

6  should be reduced and/or barred in proportion to said fault.

7

## ELEVENTH AFFIRMATIVE DEFENSE

8

### (Coverage Excluded)

9      12.   The claim(s) alleged in Plaintiff's Complaint and each and every cause of

10  action therein are barred by the terms, provisions, conditions and/or exclusions of the insurance

11  policy referred to in Plaintiff's Complaint herein.

12

## TWELFTH AFFIRMATIVE DEFENSE

13

### (No Coverage)

14      13.   Plaintiff's Complaint and each and every cause of action therein fails to state

15  facts sufficient to constitute a cause of action against this Defendant since the damages claimed by

16  plaintiff do not fall within the scope of coverage or are otherwise excluded, under the terms,

17  provisions, conditions, and/or exclusions of the USAA policy at issue.

18

## THIRTEENTH AFFIRMATIVE DEFENSE

19

### (Offset)

20      14.   Defendant alleges that it is entitled to an offset in the amount of benefits or

21  damages previously collected by plaintiff from USAA as well as any monetary compensation or

22  benefits collected from other persons or entities.

23

## FOURTEENTH AFFIRMATIVE DEFENSE

24

### (Genuine Dispute)

25      15.   As a matter of law, plaintiff cannot state a cause of action against Defendant

26  for breach of the implied covenant of good faith and fair dealing since there was a genuine dispute

27  as to the nature, extent, and/or value of Plaintiff's claim(s) underlying the instant action and

28

- 4 -

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

1  USAA's responsibility for the same, thereby foreclosing any claim of "bad faith" under California

2  law.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Misrepresentation/Rescission)

16.    As a matter of law, USAA has no obligation to pay any claim at issue in

Plaintiff's Complaint herein based in pertinent part on the following policy language:

> "With respect to all insureds, the entire policy will be void if
> whether before or after a loss, any **covered person** has:
>
> (1)    Intentionally concealed or misrepresented any material fact
>          or circumstance; or
>
> (2)    engaged in fraudulent conduct; or
>
> (3)    made false statements;
>
> relating to this insurance."

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Policy Provisions)

17.    Plaintiff's Complaint and each and every cause therein is barred by the

terms, provisions and conditions of the insurance policy referred to in Plaintiff's Complaint herein.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Additional Defenses)

18.    Defendant alleges that it may have other separate and additional defenses of

which it is not currently aware and hereby reserves its right to assert them by amendment to this

answer at a later date.

WHEREFORE, Defendant prays as follows:

1.    That Plaintiff take nothing by way of his Complaint on file herein;

2.    That judgment be in favor of Defendant and against Plaintiff;

3.    That Defendant be awarded costs of suit incurred herein;

- 5 -

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

1    4.    That Defendant be awarded attorneys fees incurred herein; and,

2    5.    For such other and further relief as the court deems just and proper.

4    Date: January 2, 2008

DANIELS, FINE, ISRAEL,
SCHONBUCH & LEBOVITS, LLP

By: _____
Maureen M. Michail
Attorneys For Defendant USAA CASUALTY
INSURANCE COMPANY

- 6 -

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT; DEMAND FOR JURY TRIAL

1   DANIELS, FINE, ISRAEL,
    SCHONBUCH & LEBOVITS, LLP
2   1801 CENTURY PARK EAST, NINTH FLOOR
    LOS ANGELES, CALIFORNIA 90067
    TELEPHONE (310) 556-7900
    FACSIMILE (310) 556-2807
3   Paul R. Fine, State Bar No. 053514
4   Maureen M. Michail, State Bar No. 185097

5   Attorneys For Defendant USAA CASUALTY
    INSURANCE COMPANY

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF MENDOCINO

10

11  PETER A. RICHARDSON, an individual,        Case No. SCUK CVG 07 50 580
                                               [Complaint Filed:  December 17, 2007]
12          Plaintiff,
                                               DEMAND FOR JURY TRIAL
13  vs.

14  USAA CASUALTY INSURANCE
15  COMPANY, an insurnace company form of
    business unknown; and DOES 1-5,
16
            Defendants.
17

18

19          PLEASE TAKE NOTICE that Defendant USAA Casualty Insurance Company

20  (hereinafter "USAA") hereby demands trial by jury of the above-entitled action.

21

22  Date:  January 2, 2008                    DANIELS, FINE, ISRAEL,
                                               SCHONBUCH & LEBOVITS, LLP
23

24                                  By:_____
25                                           Maureen M. Michail
                                             Attorneys For Defendant USAA CASUALTY
26                                             INSURANCE COMPANY

27

28                                       - 7 -

    ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT; DEMAND FOR JURY TRIAL

## PROOF OF SERVICE

State of California          )
County of Los Angeles     )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1801 Century Park East, Ninth Floor, Los Angeles, California 90067. On January 3, 2008, I served the within document(s):

**ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT; DEMAND FOR JURY TRIAL**

by placing a true copy thereof in sealed envelopes as stated on the attached mailing list.

☐ **BY FACSIMILE TRANSMISSION** I transmitted said document(s) via facsimile machine pursuant to C.R.C. rule 2006 to fax number FACSIMILE NUMBER. The facsimile machine I used complied with rule 2003 and no error was reported by the machine. Pursuant to rule 2006, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

☒ **XXX**   **BY MAIL** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice a true copy would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE** I caused personal delivery by ATTORNEY SERVICE of said document(s) to the offices of the addressee(s) as set forth on the attached mailing list.

☐ **BY OVERNIGHT DELIVERY SERVICE** I caused such envelope to be deposited with an overnight delivery service (Overnite Express/Federal Express) for delivery the next court day, or at most, within two court days of the above date.

☒ **XXX**   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 3, 2008, at Los Angeles, California.

CYNTHIA LEWIS

8

ANSWER TO PLAINTIFF'SS UNVERIFIED COMPLAINT; DEMAND FOR JURY TRIAL

## SERVICE LIST

1   Jeffrey F. Ryan, Esq.
    Ryan & Steiner
2   455 North Whisman Road
    Suite 200
3   Mountain View, CA 94043-5721
4   *Attorneys for Plaintiff*

5   1693.333
    1693-333
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                              9

ANSWER TO PLAINTIFF'SS UNVERIFIED COMPLAINT; DEMAND FOR JURY TRIAL

# PROOF OF SERVICE

State of California      )
County of Los Angeles    )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1801 Century Park East, Ninth Floor, Los Angeles, California 90067. On January 14, 2008, I served the within document(s):

## NOTICE OF REMOVAL OF ACTION; DEMAND FOR JURY TRIAL

by placing a true copy thereof in sealed envelopes as stated on the attached mailing list.

       **BY FACSIMILE TRANSMISSION** I transmitted said document(s) via facsimile machine pursuant to C.R.C. rule 2006 to fax number FACSIMILE NUMBER. The facsimile machine I used complied with rule 2003 and no error was reported by the machine. Pursuant to rule 2006, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

XXX   **BY MAIL** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice a true copy would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

       **BY PERSONAL SERVICE** I caused personal delivery by ATTORNEY SERVICE of said document(s) to the offices of the addressee(s) as set forth on the attached mailing list.

       **BY OVERNIGHT DELIVERY SERVICE** I caused such envelope to be deposited with an overnight delivery service (Overnite Express/Federal Express) for delivery the next court day, or at most, within two court days of the above date.

       (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

XXX   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 14, 2008, at Los Angeles, California.

CYNTHIA LEWIS

5

## SERVICE LIST

1   Jeffrey F. Ryan, Esq.
    Ryan & Steiner
2   455 North Whisman Road
    Suite 200
3   Mountain View, CA 94043-5721
    *Attorneys for Plaintiff*
4

5   1693.333

6   1693-333

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                      6